UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Crim. No. 06-132 (PJS/JSM) |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| Allan Talmage Weatherford, | |
| Defendant. | |

This matter is before the Court on three Motions in Limine filed by Defendant Allan Weatherford.  For the reasons that follow, the Court grants the Motion Regarding Redaction of Charges, grants in part the Motion Regarding the Theory of Defense, and grants in part and denies in part the Motion to Exclude "Other Crimes Evidence" Pursuant to Federal Rules of Evidence 404(b) and 403.

**BACKGROUND**

Defendant is charged with four counts of unlawful possession of firearms in violation of 18 U.S.C. § 922(g)(1) and (3); one count of unlawful possession of a destructive device in violation of 18 U.S.C. § 921(a)(3) and (a)(4)(A)(i) and 18 U.S.C. § 922(g)(1) and (3); and one count of possession of an unregistered destructive device in violation of 26 U.S.C. §§ 5845(f), 5861(d), and 5871.  Trial begins on September 18, 2006.

**DISCUSSION**

**A.    Redaction**

The Indictment alleges that Defendant's possession of firearms and destructive devices was unlawful because Defendant was previously convicted of a felony and because Defendant used and was addicted to a controlled substance. In particular, Counts 1-3 and 5-6 in the Indictment allege:

> [Defendant is] a person who had been convicted of a crime punishable by imprisonment for a term exceeding one year, namely . . . November 9, 2004 - Rice County, Minnesota, Controlled Substance, Fifth Degree; and then being a person who was an unlawful user of, and addicted to, a controlled substance (as defined [by] 21 U.S.C. [§] 802).

Defendant asks the Court to order the Government to redact these statements. The Government does not object to the redaction, as the parties have stipulated to state merely that Defendant was prohibited from possessing firearms and destructive devices. See Old Chief v. United States, 519 U.S. 172 (1997). Accordingly, the Court grants the Motion.

**B.    Theory of Defense**

Defendant asks the Court to instruct the jury about his defense theory and has submitted proposed jury instructions detailing his challenges to the charges against him. In addition, Defendant asks the Court to read the instructions to the jury at the outset of the case.

It is premature to rule on the appropriateness of the proposed jury instructions; the Court will rule on the instructions at the close of evidence. However, the Court will grant in part Defendant's request to include a summary of his defense theory in voir dire.

Accordingly, after the Court summarizes the Indictment to the jury panel, the Court will state the following:

> You should understand that the Indictment is simply a charge by the Government to begin a case. It serves as an accusation by the Government and serves to inform a defendant of the crime with which he is charged. It is not in any sense evidence of the allegations and statements it contains. Defendant Weatherford has pled not guilty to all Counts of the Indictment. That is, he has denied the charges made by the Government. In particular, Defendant Weatherford contends that he did not possess the items charged in Counts 1 and 3-6, and that he lacked the intent required to support a conviction of these Counts. Because Defendant Weatherford has pled not guilty, he is presumed innocent. The Government has the burden or obligation to prove each of the essential elements of the crimes charged in the Indictment beyond a reasonable doubt. The purpose of the trial is to determine whether the Government can meet this burden or obligation.

**C.      Other Crimes Evidence**

Defendant seeks to exclude various evidence that he characterizes as impermissible under Federal Rules of Evidence 404(b) and 403. Rule 404(b) of the Federal Rules of Evidence prohibits the admission of evidence of the accused's bad acts if the evidence is offered solely to prove the defendant's criminal disposition. United States v. Cook, 454 F.3d 938, 941 (8th Cir. 2006) (citation omitted). However, the Rule allows admission of prior acts evidence if it is offered for a non-propensity purpose, "such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b); United States v. Adams, 898 F.2d 1310, 1313 (8th Cir. 1989). When intent is an element of the crime charged, "evidence of other acts tending to establish that element is generally admissible." Adams, 898 F.2d at 1312 (quoting United States v. Miller, 725 F.2d 462, 466 (8th Cir. 1984)); see also United States v. Southwest Bus Sales, Inc., 20 F.3d 1449,

1456-57 (8th Cir. 1994) (intent is at issue when it is an element of the crime charged and is necessary to the government proving its case beyond a reasonable doubt).  Moreover, Rule 404(b) is a rule of inclusion.  United States v. Crenshaw, 359 F.3d 977, 998 (8th Cir. 2004).  However, it "does not give the government the unhindered ability to introduce evidence of prior acts."  Id.  Instead, the prior acts evidence must be: (1) relevant to a material issue; (2) similar in kind and close in time to the charged crime; (3) established by a preponderance of evidence; and (4) such that its probative value is not outweighed by any prejudicial impact.  Crenshaw, 359 F.3d at 998 (citing United States v. Williams, 308 F.3d 833, 837 (8th Cir. 2002)).

"The requirement to balance probative value and prejudice is found in Rule 403."  Cook, 454 F.3d at 941.  Rule 403 provides:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Fed. R. Evid. 403. "Though all Rule 404(b) evidence is inherently prejudicial, the test under Rule 403 is whether its probative value is *substantially* outweighed by the danger of unfair prejudice."  Cook, 454 F.3d at 941 (emphasis in original) (citation omitted).

     1.     Evidence from the November 6, 2005 Traffic Stop

Defendant seeks to exclude evidence seized on November 6, 2005, including three firearms and drugs found in a stolen automobile.  The Government currently does not intend to introduce evidence from the traffic stop but reserves the right to seek admission of this

evidence at trial. Accordingly, the Court defers ruling on the issue until it is raised at trial.

    2.    <u>Tammie Carter</u>

Count Two charges Defendant with possessing a firearm on February 11, 2006. Law enforcement recovered the firearm from Defendant during a security escort for Defendant's sister, Tammie Carter. When the officers and Carter arrived at the property, Defendant appeared from a garage attached to the residence and asked why the officers were there. He was informed that the officers were there to provide Carter with a domestic escort into the residence. After Carter went into the residence, the officers informed Defendant that he was under arrest pursuant to an arrest and detention order. While the officers conducted a pat-down search, Defendant stated that he had a gun on him and the officers recovered the gun.

Relying on Rule 403, Defendant seeks to exclude evidence that Carter feared him, as well as evidence that she requested the escort and a bulletproof vest. This evidence is relevant to explain why law enforcement entered Defendant's property, and ultimately how they discovered and seized the firearm from Defendant. It also provides the jury a complete picture of circumstances surrounding the offense. Moreover, the danger of unfair prejudice is mitigated by the Government's decision not to elicit specific testimony regarding Carter's statement to officers that Defendant had previously shot at her. As such, the danger of unfair prejudice does not substantially outweigh the probative value of this evidence. The Motion is denied on this point.

    3.    <u>Previous Shots at Law Enforcement</u>

Defendant seeks to exclude evidence that he previously shot at police officers. The

Government currently does not intend to introduce this evidence but reserves the right to seek admission of the evidence at trial. Accordingly, the Court defers ruling on the issue until it is raised at trial.

    4.    <u>Crawl Space</u>

Defendant seeks to exclude evidence that law enforcement discovered a crawl space under a Quonset hut, as well as claims that Defendant intended to hide in the space and blow up police officers. The Government currently does not intend to elicit evidence regarding the crawl space but contends that such evidence may become relevant to establish charges arising from evidence seized from the hut. Accordingly, the Court defers ruling on the issue until trial.

    5.    <u>Alleged Plot to Blow Up Government Buildings</u>

Defendant seeks to exclude evidence that he planned to blow up government buildings. He emphasizes that he has not been charged with any crimes related to the alleged plot or any other acts of terrorism.

Defendant provided the following written statement to law enforcement on April 3, 2006:

> I make this Statement Freely with no Threats
> I made threatst to Blow Thing up   sewer plant   House with cops   Quanset Hut   I Even mad Fertilizer Bom's in PoPane Tanks Two of the's and my Brother Had nothing to do with it
> I Also made Co/2 Bomb Attach to ProPane Valve

These thang's I had done Before I got sober I am sorry I have Done and I know I am Doing the Right thing Admiting my Fault and must pay for the Consequences

6

(Gov't Ex. 11.) In this statement, Defendant acknowledged constructing and possessing the destructive device charged in Counts 3 and 4. According to the Government, Defendant also made oral statements to third parties, wherein he explained that the purpose of the device was to blow up various government buildings.

The evidence is relevant to establishing two elements — knowing possession and knowledge of the characteristics of the device — of the offenses charged in Counts 3 and 4. Moreover, it also directly relates to the good faith and lack of criminal intent defenses that Defendant intends to advance. Accordingly, evidence of Defendant's alleged plot to blow up government buildings is admissible. The Motion is denied on this point.

### 6. Stolen Fertilizer

Defendant seeks to exclude evidence that he stole the fertilizer used to manufacture a mixture found in propane tanks seized from his property. The Government currently does not intend to introduce evidence that the fertilizer was stolen. Moreover, that Defendant stole the fertilizer is irrelevant to whether he knowingly possessed a destructive device. See Rule Fed. R. Evid. 403. Accordingly, the Court grants the Motion on this point and excludes any evidence that the fertilizer was stolen.

**CONCLUSION**

All references to Defendant's prior felony conviction and controlled substance use and addiction will be stricken from the Indictment. The Court will inform the jury at the outset of trial that Defendant intends to advance lack of possession and intent defenses, but reserves ruling on the proposed jury instructions until the close of evidence. Likewise, the Court

reserves ruling on several evidentiary issues relating to other acts. However, the Court finds admissible evidence that Defendant's sister feared him, and evidence that she requested an escort and bulletproof vest. Finally, evidence that Defendant planned to blow up government buildings is admissible, but evidence that Defendant stole fertilizer is not. Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion in Limine Regarding Redaction of Charges (Docket No. 64) is **GRANTED**;

2. Defendant's Motion in Limine Regarding Theory of Defense (Docket No. 66) is **GRANTED in part**; and

3. Defendant's Motion to Exclude "Other Crimes Evidence" Pursuant to Federal Rules of Evidence 404(b) and 403 (Docket No. 70) is **GRANTED in part and DENIED in part**.

Dated: September 16, 2006

s/ Paul A. Magnuson
Paul A. Magnuson
United States District Court Judge